FILED 13 NOV '12 11:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLEN WILLIAMSON,            }
                            }
            Plaintiff,       }        No. 6:11-cv-00445-TC
                            }
        v.                   }    FINDINGS & RECOMMENDATION
                            }
COMMISSIONER, Social         }
Security Administration,     }
                            }
            Defendant.       }
_____}

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income.

Plaintiff asserts disability beginning on July 1, 2005, due to compressive narrowing and flattening of his spinal cord, cervical foraminal stenosis, cervical spine degenerative disc disease, asthma, bilateral carpal tunnel syndrome and major depressive/adjustment disorder. After an administrative hearing, the administrative law judge (ALJ) determined that plaintiff was not disabled.

1 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

**A. *Impairment Assessment at Steps Two and Three***

Plaintiff asserts that the ALJ erred by failing to assess all of his impairments at steps two and three. Plaintiff further contends that the ALJ erred in assessing his credibility, erroneously discounting the lay testimony, erroneously rejecting the opinion of a treating medical source, and erroneously relying on an examining medical source.

At step two, the ALJ found that plaintiff had severe impairments consisting of cervical spine degenerative disease, asthma, bilateral carpal tunnel syndrome (status post left release), and major depressive/adjustment disorder. Tr. 23. Plaintiff contends, and defendant concedes, that the ALJ erred by failing to consider all of plaintiff's spinal impairments at step two. Defendant argues, however, that this error was harmless. An error is harmless at step two of the ALJ's analysis if that step is ultimately resolved in plaintiff's favor, as was the case here. See Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2000). I therefore find that the ALJ's step two error was harmless.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). Tr. 24. An April 2006 MRI of plaintiff's cervical spine revealed a number of conditions which required

assessment by the ALJ in order to determine if they met or equaled a disorder of the spine under section 1.04(A) of the Listings.  Tr. 278.  Plaintiff's spinal stenosis and foraminal stenosis diagnoses were also recorded on a Physical Residual Functional Capacity (RFC) Assessment.  Tr. 349.  While defendant concedes that the ALJ's failure to discuss the MRI findings was error, defendant maintains that plaintiff failed to show that the errors were harmful on two counts.  First, defendant asserts that plaintiff failed to show that his additional spinal conditions met the Social Security Act's 12 month duration requirement.  See 20 C.F.R. §§ 404.1520(d), 416.920(d).  However, because the ALJ did not discuss the addition spinal impairments at all, the ALJ consequently did not consider whether the impairments met the duration requirement.  Tr. 24.  Essentially, defendant is requesting that the Court affirm the ALJ's decision on a ground the ALJ did not originally invoke, which is a request the Court must decline.  Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001).

    Second, defendant argues that although plaintiff "has presented his own theory as to how he meets each element of listing 1.04(A), he has not presented a theory as to how he equals listing 1.04(A)," so the ALJ's failure to consider plaintiff's additional spinal conditions was harmless error. ECF #30 at 9.  I disagree.  "In determining whether a claimant equals

a listing under step three . . . the ALJ must explain adequately
his evaluation of alternative tests and the combined effects of
the impairments." Marcia v. Sullivan, 900 F.2d 172, 176 (9th
Cir. 1990). Plaintiff made a detailed showing of evidence of
spinal conditions in the record which may establish listing
1.04(A) or its equivalence. ECF #29 at 9-10. The ALJ failed to
adequately consider that evidence in his decision. Tr. 24.
Based on plaintiff's showing, I cannot confidently find that,
absent error, an ALJ would have necessarily reached the
conclusion that plaintiff's spinal conditions do not meet or
equal listing 1.04(A); therefore, the ALJ's step three error was
not harmless. See Stout v. Commissioner, 454 F.3d 1050, 1056
(9th Cir. 2006).

**B. Credibility Assessments**

The ALJ found plaintiff's statements concerning his pain
symptoms generally not credible. Tr. 26. Plaintiff testified
that he must take 10-15 minute breaks every hour of his three-
hour shift at his part-time job. Tr. 57. He explained that he
also had to lay down for several hours a day after his work shift
due to pain from using his arms. Tr. 47, 49-50, 59-60.
Plaintiff stated that he had difficulty with fine manipulation
due to numbness in his fingers and hands. Tr. 55. He testified
that he is limited to doing household chores for short amounts of
time. Tr. 59. Finally, following a carpal tunnel release

4 - FINDINGS AND RECOMMENDATION

procedure on plaintiff's left hand, he stated that it is getting much better.  Tr. 42.

In discounting plaintiff's credibility, the ALJ made several findings.  First, the ALJ found that plaintiff's pain "seemed adequately under control" based on a note made by treating physician Dr. Paul Balmer, MD.  Tr. 27.  Next, the ALJ found that plaintiff acknowledged that physical exercise improved his symptoms.  Id.  The ALJ also found that objective medical evidence did not support plaintiff's hand and finger numbness, and that he demonstrated good grip strength.  Id.  The ALJ mentioned twice in his decision that plaintiff was very animated giving his testimony at the hearing.  Id.  Further, the ALJ noted that plaintiff traveled to Idaho to assist a family member with house painting and reported that he rides his bike regularly. Tr. 26.  Last, the ALJ appears to have taken testimony regarding his part-time work duties of pushing bread racks and cleaning bathrooms as evidence which undermines his credibility.  Id.

Absent a finding of malingering, the ALJ's reasons for rejecting a claimant's subjective testimony must be clear and convincing.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Although one chart note by Dr. Balmer suggested that plaintiff's pain was adequately controlled at a visit in 2009, there are many chart notes by Dr. Balmer and other medical sources throughout the record that support plaintiff's pain symptom testimony.  See,

e.g., Tr. 264-69, 272-75, 368-75, 391, 397, 406-11, 415-16, 469, 477-81, 485-86.  The ALJ mentioned that plaintiff found exercise improved his symptoms, however the ALJ failed to make any specific finding regarding the functional result of this improvement.  Tr. 27.  Although the ALJ found that plaintiff's hand and finger numbness testimony was unsubstantiated in the record, there are a number of notes going back several years which support plaintiff's testimony.  Tr. 266-70, 326, 331, 368, 374, 416, 470, 477-78, 485-86, 499-500.  Although plaintiff testified that his left hand is recovering after carpal tunnel release surgery, the ALJ did not inquire into the status of the right hand, or whether plaintiff was still experiencing bilateral numbness which had caused him to drop things in the past.  Tr. 43.  Further, while the ALJ noted that Dr. Balmer recorded good grip strength on some occasions, the record is replete with references to muscle weakness, restricted range of motion, wasting and atrophy in plaintiff's upper extremities; this evidence supports plaintiff's testimony.  Tr. 264-69, 273, 330-32, 356, 367, 371-72, 374-75, 377-78, 404-08, 473, 477-78, 485-86, 504.[1]  Thus, while the ALJ mentions some reasons to impugn plaintiff's credibility regarding his pain, numbness, and weakness, those are not supported by substantial evidence.  At

---

[1] Exhibit 22F at Tr. 504 was validly submitted after the ALJ's decision for the consideration of the Appeals Council, which upheld the ALJ despite the new evidence.

6 - FINDINGS AND RECOMMENDATION

best, the evidence relied upon by the ALJ is equivocal, particularly in light of the ALJ's failure to recognize the full range of plaintiff's spinal impairments which could reasonably cause such symptoms.

Making the observation that plaintiff "was quite animated during his testimony," the ALJ suggested that he was not performing a "sit and squirm test," but rather merely noting that plaintiff's movements show that "he was not as physically [sic] in those body parts and movements as he testified to." Tr. 27. This is a distinction without a difference. Ninth Circuit case law is clear: "[t]he fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegation of constant pain are not credible." Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984). Had the ALJ noted symptoms that were inconsistent with the record, his observations may have been more probative. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999). However, neither the medical record nor plaintiff's testimony suggest that plaintiff was unable to animate his hands, arms, neck, and head when speaking; thus, the ALJ's observations do not constitute a clear and convincing reason.

When considering activities of daily living (ADL) in determining a claimant's credibility, an ALJ must make specific

findings relating to the ADL's and their transferability to work
to conclude that an adverse credibility determination is
warranted.  See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007).
While the ALJ cited evidence that plaintiff rides his bike and
traveled to Idaho to help a family member with house painting,
the ALJ did not make specific findings or discuss transferability
with regard to those activities.  Tr. 26.  Specifically, the ALJ
did not make any finding regarding how much house painting was
actually done by plaintiff or establish the extent of plaintiff's
ability to ride a bike.  That plaintiff is able to partake in
those activities to some degree does not necessarily suggest that
he is able to work full-time; because the ALJ declined to more
fully develop the record with regard to those activities, I
cannot find that they constitute a rational interpretation of the
evidence regarding plaintiff's level of impairment.  See
Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

     Finally, the ALJ found that plaintiff's credibility was
questionable because he works in a bakery warehouse three hours
per day, five days per week.  Tr. 26.  An ALJ may consider a
claimant's efforts to work in assessing the subjective symptom
testimony.  SSR 96-7p.  However, the functional requirements of
plaintiff's part-time employment are not inconsistent with his
subjective complaints.  His workday in the bakery is only three
hours long; even so, he testified that he requires breaks every

hour and is often exhausted and in pain afterwards.  Tr. 42, 47.
Moreover, plaintiff testified that he is extremely limited in his
ADL's after exerting himself at work due to pain and fatigue.
Tr. 47-48.  In other words, plaintiff's testimony regarding his
ability to perform limited, part-time work is wholly consistent
with his symptom testimony.  Plaintiff should not, therefore, be
penalized for attempting to work.  Rollins v. Massanari, 261 F.3d
853, 862 (9th Cir. 2001).

### C. Lay Testimony

The ALJ found that lay witness Katie A. Jewell, plaintiff's
girlfriend, was generally not credible because her statements did
not comport with the RFC, and because she stated in a Third Party
Functioning Report that plaintiff is unable to maintain
employment.  Tr. 27, 210.  Lay testimony as to a claimant's
symptoms is evidence which the ALJ must take into account unless
the ALJ disregards the evidence by giving reasons germane to each
witness.  See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.
1993).  Regarding the ALJ's first reason, defendant acknowledges
that the ALJ erred in rejecting Ms. Jewell's statement on the
grounds that it was not supported by objective medical evidence.
Regarding the second reason, it appears that at the time Ms.
Jewell completed the form, plaintiff was unemployed.  Tr. 180.
Furthermore, evidence submitted after the hearing to the Appeals
Council suggests that Ms. Jewell did not intend to imply that

plaintiff was completely precluded from performing work, but rather that he was unable to work on a full-time basis.  Tr. 253. Based on the foregoing, neither of the ALJ's reasons for finding the lay testimony incredible are adequate.

## D. Consideration of the Medical Opinion Evidence

The ALJ gave great weight to the opinions of state agency reviewing physicians Dr. Neal Berner, Dr. David Wilson, and Dr. Martin Kehrli, who determined that plaintiff was capable of light work with some restrictions.  Tr. 28.  Great weight was also given to the opinion of Dr. Kurt Brewster, who performed a consultative examination of plaintiff and determined he was capable of light work with some restrictions.  Id.  After the hearing, plaintiff submitted an opinion by his treating physician, Dr. Balmer.  Tr. 504.  Dr. Balmer opined that plaintiff's physical impairments precluded him from performing light work.  Id.  Although the Appeals Council's decision denying plaintiff's request for review is not subject to judicial review, the Court may consider the additional evidence submitted to the Appeals Council to determine whether, in light of the record as a whole, the decision was supported by substantial evidence. Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011).  Accordingly, the ALJ should re-evaluate the medical source opinions, including the additional evidence from Dr. Balmer, on remand.  "The ALJ may then consider, the Commissioner

then may seek to rebut and the [vocational expert] then may
answer questions with respect to the additional evidence."
Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000).

### E. Remand

Remand for further proceedings is appropriate where there
are outstanding issues that must be resolved before a disability
determination can be made, and it is not clear from the record
that the ALJ would be required to find the claimant disabled if
all the evidence were properly evaluated.  See Vasquez v. Astrue,
572 F.3d 586, 593 (9th Cir. 2009).  Here, the ALJ did not
consider all of the medical evidence in the record regarding
plaintiff's spinal impairments and did not properly determine
whether those additional spinal impairments, alone or in
combination with other impairments, met or equaled listing
1.04(a); further, the ALJ did not present clear and convincing
reasons supported by substantial evidence to discount plaintiff's
credibility.  The ALJ also erred in discrediting the lay witness.

On remand, the credibility of plaintiff's testimony should
be evaluated based on all of his impairments, including the
previously unacknowledged spinal impairments.  The ALJ should
further develop the record to determine the extent of plaintiff's
ability to ride his bike and his ability to carry out house
painting, and determine the transferability of these skills as to
plaintiff's ability to perform sustained activity.  The complete

lay testimony of Ms. Jewell and all of the evidence submitted to the Appeals Council should also be evaluated.  Finally, the ALJ should assess Dr. Balmer's opinion pursuant to a re-evaluation of the medical source evidence.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision should be REVERSED and REMANDED for further proceedings consistent with the instructions set out above.

DATED this ___ 8ᵗ ___ day of ___ Nov ___ , 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION